Baldi v. MacKenzie                         CV-04-158-SM   07/26/04
                   UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


John A. Baldi,
      Plaintiff

      v.                                  Civil No. 04-158-SM
                                          Opinion No. 2004 DNH 109
James MacKenzie,
      Defendant


                          **O R D E R**


      John A. Baldi has sued Conservation Officer James MacKenzie
in one count, alleging that MacKenzie is liable to him in
negligence.  Baldi says MacKenzie failed to tag or remove a deer
from his property, despite having had a duty to do so – a duty
imposed by statute and by the direct order of MacKenzie's
superior officer in the New Hampshire Fish and Game Department
("Fish & Game").  Before the court is MacKenzie's motion to
dismiss for lack of subject matter jurisdiction and for failure
to state a claim upon which relief can be granted.  Baldi
objects.

Because, in reality, Baldi's suit is against the State of New Hampshire, which is not a "citizen" for diversity purposes, MacKenzie's motion to dismiss is granted.

The operative facts, taken from the complaint, are as follows. On July 5, 1999, Baldi shot a deer on his property. On July 6, MacKenzie was directed by a superior at Fish & Game to tag the deer or remove it from Baldi's property. MacKenzie visited Baldi's property, but did not tag or remove the deer. MacKenzie did not inform Baldi of his visit. Because he was legally prohibited from disposing of an untagged deer, Baldi left the deer on his property until it was removed by the local police, who charged Baldi with violating RSA 147:13 which, among other things, prohibits the placement of animal carcasses (offensive matter) near a roadway. Baldi was tried and convicted of that statutory violation in state court.

In a previous suit invoking this court's federal question jurisdiction, Baldi brought a variety of federal and state claims in twenty-seven counts against numerous defendants. Included in that suit (Civil No. 02-313-M) was a state negligence claim

2

against MacKenzie – for failing to tag or remove the deer Baldi left on his property on July 6.  Eventually, this court dismissed all the federal claims in Civil No. 02-313-M, and declined to exercise supplemental jurisdiction over the remaining state claims.  Baldi then filed this suit, reasserting the negligence claim, but now invoking federal diversity jurisdiction.[1]

MacKenzie moves to dismiss for lack of subject matter jurisdiction, asserting an absence of diversity, and the bar of sovereign immunity.  MacKenzie also moves to dismiss on the following grounds: (1) claim preclusion; (2) statute of limitations; and (3) failure to state a claim upon which relief can be granted, based on the absence of any statutory or common law duty owed by him to Baldi.  Baldi objects, categorically.

In his objection, Baldi argues that the court has diversity jurisdiction over this case because he is a citizen of

---

[1] In the first section of his complaint, Baldi contends that I should be disqualified from hearing this case due to my close association with Chief Judge Barbadoro, Judge DiClerico, and Magistrate Judge Muirhead.  Baldi's objection to my hearing this case is both improperly raised, see United States v. Devin, 918 F.2d 280, 294 n.11 (1st Cir. 1990), and without merit.  I decline to recuse myself.

3

Massachusetts and is suing MacKenzie in MacKenzie's individual capacity.[2] However, on the facts alleged, Baldi's suit is not against MacKenzie in his individual capacity, notwithstanding Baldi's protestations to the contrary. Baldi has identified no duty owed him by MacKenzie as a private citizen, but does allege acts or omissions by MacKenzie that might arguably be wrongful, but only to the extent MacKenzie was performing his official duty as a conservation officer. Baldi claims that MacKenzie harmed him by failing to follow the direct command of his superior at Fish & Game, or, by failing to perform a statutory duty imposed upon him as a Fish & Game employee. In other words, Baldi claims to have suffered harm because MacKenzie failed to properly perform his duties as a conservation officer.

Thus, no matter how Baldi may label this suit, it is a suit against MacKenzie in his official capacity as a state

---

[2] What is missing from both Baldi's complaint and his objection to MacKenzie's motion to dismiss is any allegation regarding MacKenzie's citizenship. Thus, Baldi's invocation of diversity jurisdiction is facially defective; he has not alleged that he and MacKenzie are "citizens of different States." 28 U.S.C. § 1332(a)(1). However, because "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," 28 U.S.C. § 1653, the court will assume, for purposes of deciding the motion before it, that MacKenzie is a citizen of New Hampshire and Baldi is a citizen of Massachusetts.

conservation officer.  "Where, as here, all of the claims are made against a government official acting purely in a representative role, the suit must be regarded as one against the sovereign."  Northeast Fed. Credit Union v. Neves, 837 F.2d 531, 533 (1st Cir. 1988) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)).  Moreover, "[a] State is not [itself] a citizen.  And under the Judiciary Acts of the United States, it is well settled that a suit between a State and a citizen or a corporation of another State is not between citizens of different States . . ."  Northeast Fed. Credit Union, 837 F.2d at 533 (quoting Postal Tel. Cable Co. v. Alabama, 155 U.S. 482, 487 (1894)).  Because Baldi has sued MacKenzie exclusively for actions taken in his official role, Baldi has sued the State of New Hampshire.  And because Baldi has sued New Hampshire, rather than a citizen of New Hampshire, the court lacks diversity jurisdiction over his claim.

Accordingly, MacKenzie's motion to dismiss (document no. 4) is granted.  See FED. R. CIV. P. 12(b)(1).  The clerk shall enter judgment in accordance with this order and close the case.

5

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 26, 2004

cc:  John A. Baldi
     Nancy J. Smith, Esq.